

Cook County
Clerk of the Circuit Court
Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

| Case Information Summary for Case Number |
| --- |
| 2022-L-003788 |

Filing Date: 04/25/2022

Case Type: Product Liabilty - Jury

Division: Law Division

District: First Municipal

Ad Damnum: $0.00

Calendar: F

### Party Information

**Plaintiff(s)**                                                **Attorney(s)**

Traub, Connor

Traub, Jonathan S.

Traub, Jonathan, Jr.

Traub, Katherine

Traub, Madeline

Traub, Margaret

**Defendant(s)**          **Defendant Date of Service**    **Attorney(s)**

Entegra Coach, Inc.

Jayco Inc.

General R.V. Center, Inc.

Jayco Inc. of Indiana

### Case Activity

Activity Date: 04/25/2022                            Participant: Traub, Jonathan S.

Personal Injury (Product Liability) Complaint Filed (Jury Demand)

Activity Date: 04/25/2022                            Participant: Traub, Jonathan S.

Affidavit Filed

Activity Date: 04/25/2022                            Participant: Traub, Jonathan S.

New Case Filing

Date: 06/29/2022

Court Time: 0930

Court Room: 2201

Activity Date: 04/29/2022                              Participant: Traub, Jonathan S.

Summons Issued And Returnable

Activity Date: 04/29/2022                              Participant: Traub, Jonathan S.

Summons Issued And Returnable

Activity Date: 04/29/2022                              Participant: Traub, Jonathan S.

Summons Issued And Returnable

Activity Date: 04/29/2022                              Participant: Traub, Jonathan S.

Summons Issued And Returnable

Activity Date: 05/06/2022                              Participant: Traub, Jonathan S.

Summons Issued And Returnable

Activity Date: 05/06/2022                              Participant: Traub, Jonathan S.

Summons Issued And Returnable

Activity Date: 05/12/2022                              Participant: Traub, Jonathan S.

Summons Issued And Returnable

Activity Date: 05/24/2022                              Participant: Traub, Jonathan S.

Alias Summons Issued

Back to Top

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data
in our master database.

All Law Division initial Case Management Dates will be heard via Zoom **in person Jury**
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 6/29/2022 9:30 AM

FILED
4/25/2022 3:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

Calendar, F
17635289

2022L003788

FILED DATE: 4/25/2022 3:45 PM

STATE OF ILLINOIS    )
                        ) SS
COUNTY OF COOK     )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JONATHAN S. TRAUB, Individually,<br>MARGARET TRAUB,<br>JONTHAN S. TRAUB, as Father and Next Friend<br>of Jonathan T. Traub, Jr., a minor,<br>JONATHAN S. TRAUB, as Father and Next Friend<br>of Connor Traub, a minor,<br>JONATHAN S. TRAUB, as Father and Next Friend<br>of Katherine Traub, a minor,  and<br>JONATHAN S. TRAUB, as Father and Next Friend<br>of Madeline Traub, a minor,<br><br>     Plaintiffs,<br><br>v.<br><br>JAYCO, INC.,<br>JAYCO, INC., OF INDIANA,<br>ENTEGRA COACH, INC., and<br>GENERAL R.V. CENTER, INC.<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. 2022L003788<br><br>**PLAINTIFFS DEMAND<br>TRIAL BY JURY** |

### COMPLAINT AT LAW

NOW COME the Plaintiffs, JONATHAN S. TRAUB, Individually, MARGARET

TRAUB, Individually, JONTHAN S. TRAUB, as Father and Next Friend of Jonathan T. Traub,

Jr., a minor, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor,

JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, and

JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through

LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO,

INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and GENERAL R.V.

CENTER, INC., state as follows:

FILED DATE: 4/25/2022 3:45 PM    2022L003788

## THE PARTIES

1.     At all times relevant herein, Plaintiff, JONATHAN S. TRAUB, resided in the Village of Barrington Hills, County of Cook, State of Illinois. JONATHAN S. TRAUB was, and is, married to MARGARET TRAUB.

2.     At all times relevant herein, Plaintiff, MARGARET TRAUB, resided in the Village of Barrington Hills, County of Cook, State of Illinois. MARGARET TRAUB was, and is, married to JONATHAN S. TRAUB.

3.     Plaintiff, JONATHAN S. TRAUB, was and is the natural father and Next Friend of Jonathan T. Traub, Jr., Connor Traub, Katherine Traub, and Madeline Traub, each of whom is a minor.

4.     Plaintiff, JONATHAN T. TRAUB, JR., was a minor who was born on April 15, 2008, and is 13-years-old.

5.     Plaintiff, CONNOR TRAUB, was a minor who was born on July 10, 2013, and is 8-years-old.

6.     Plaintiff, KATHERINE TRAUB, was a minor who was born on October 20, 2009, and is 12-years-old.

7.     Plaintiff, MADELINE TRAUB, was a minor who was born on February 14, 2015, and is 7-years-old.

8.     Defendant, JAYCO, INC., was a foreign corporation with its principal place of business in Middlebury, Indiana, but it was authorized to do business and in fact doing business as a motorhome manufacturer throughout the State of Illinois including in Cook County, Illinois.

9.     Defendant, JAYCO, INC. OF INDIANA, was a foreign corporation with its principal place of business in Middlebury, Indiana, but it was authorized to do business and in

2

FILED DATE: 4/25/2022 3:45 PM   2022L003788

fact doing business as a motorhome manufacturer throughout the State of Illinois including in Cook County, Illinois.

10.    Defendant, ENTEGRA COACH, INC., was a foreign corporation with its principal place of business in Middlebury, Indiana, but it was authorized to do business and in fact doing business as a motorhome manufacturer throughout the State of Illinois including in Cook County, Illinois.

11.    In 2008, ENTEGRA COACH, INC., was purchase by JAYCO, INC. and/or JAYCO, INC. of INDIANA, and it became part of the JAYCO corporate family of motorhomes.

12.    Defendant, GENERAL R.V. CENTER, INC., was a foreign corporation with its principal place of business in WIXOM, MI, but it was authorized to do business and in fact doing business as a motorhome seller throughout the State of Illinois including in Cook County, Illinois.

## FACTUAL ALLEGATIONS

13.    On May 29, 2020, JONATHAN S. TRAUB purchased from Defendant, GENERAL RV CENTER, a New 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930.

14.    The 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930, was manufactured by Defendant, JAYCO, INC.

15.    In the alternative, the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930, was manufactured by Defendant, JAYCO, INC. of INDIANA.

16.    In the alternative, the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930, was manufactured by Defendant, ENTEGRA COACH, INC.

3

FILED DATE: 4/25/2022 3:45 PM    2022L003788

17.     As designed and manufactured, the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 was supposed to contain an operable Carbon Monoxide detector.

18.     At the time the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of Defendants, JAYCO, INC., JAYCO, INC. of INDIANA, and/or ENTEGRA COACH, INC., the motorhome contained a Carbon Monoxide detector that was not working and was not detecting or alerting the presence of Carbon Monoxide within the interior of the motorhome.

19.     At the time the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of Defendant, GENERAL R.V. CENTER, INC., the motorhome contained a Carbon Monoxide detector that was not working and was not detecting or alerting the presence of Carbon Monoxide within the interior of the motorhome.

20.     At the time the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of Defendants, JAYCO, INC., JAYCO, INC. of INDIANA, and/or ENTEGRA COACH, INC., there was a hidden hole in floor of the middle bathroom that allowed Carbon Monoxide to enter directly into the interior of the motor home.

21.     At the time the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of Defendant, GENERAL R.V. CENTER, INC., there was a hidden hole in floor of the middle bathroom that allowed Carbon Monoxide to enter directly into the interior of the motor home.

22.     At all relevant times herein, the Plaintiffs had no knowledge, notice, or advanced warning that the Carbon Monoxide detector in the motorhome was not operable and was not detecting or alerting of the presence of Carbon Monoxide within the motorhome.

FILED DATE: 4/25/2022 3:45 PM   2022L003788

23. At all relevant times herein, the Plaintiffs had no knowledge, notice, or advanced warning that there was a hidden hole in floor of the middle bathroom that allowed Carbon Monoxide to enter directly into the interior of the motor home.

24. On July 22, 2020, the Plaintiffs were driving the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 on a family vacation across the United States and they were near Butte, Montana.

25. On July 22, 2020, the Plaintiffs stopped the motorhome at the top of a mountain near Butte, Montana, when each of the Plaintiffs began to experience sudden, acute onset of Carbon Monoxide poisoning symptoms. First responders were contacted and each of the Plaintiffs was taken to a local hospital where Carbon Monoxide poisoning was diagnosed and treated by the medical care providers.

26. At no time before or during the incident on July 22, 2020, did the Carbon Monoxide detectors alert of the presence of Carbon Monoxide within the motorhome.

27. On July 31, 2020, the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 was inspected by Glacier RV, LLC, in Kalispell, Montana, and an unsealed 8" x 6" hole in the floor of the middle bathroom was found. The hole was from when the plumbing was connected to the middle bathroom during the manufacturing process, but the hole was never sealed, and the hole in that location allowed Carbon Monoxide from underneath the vehicle to enter directly into the motorhome during ordinary use.

28. After the July 22, 2020, incident, the Carbon Monoxide detectors in the motorhome were found to be inoperable and they were not detecting or alerting the presence of Carbon Monoxide within the motorhome.

FILED DATE: 4/25/2022 3:45 PM   2022L003788

## COUNT I
(Jonathan S. Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count I of this Complaint.

29.   On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    Was otherwise dangerous and defective.

30.   As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.   As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A

6

FILED DATE: 4/25/2022 3:45 PM 2022L003788

motorhome, the Plaintiff, JONATHAN S. TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT II
(Jonathan S. Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count II of this Complaint.

29. At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30. Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

        a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

FILED DATE: 4/25/2022 3:45 PM    2022L003788

into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, JONATHAN S. TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT III
(Jonathan S. Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count III of this Complaint.

FILED DATE: 4/25/2022 3:45 PM    2022L003788

29.     On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.     Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA,

FILED DATE: 4/25/2022 3:45 PM    2022L003788

ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT IV
(Jonathan S. Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count IV of this Complaint.

29.   On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.   Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.   Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.   Was otherwise dangerous and defective.

30.   As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

FILED DATE: 4/25/2022 3:45 PM    2022L003788

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, JONATHAN S. TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT V
(Jonathan S. Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count V of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

    a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

FILED DATE: 4/25/2022 3:45 PM  2022L003788

into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.  Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.  was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.  As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.  As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, JONATHAN S. TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT VI
(Jonathan S. Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.  Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count VI of this Complaint.

FILED DATE: 4/25/2022 3:45 PM 2021L003788

29.     On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.     Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and

FILED DATE: 4/25/2022 3:45 PM  2022L003788

reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT VII

(Margaret Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count VII of this Complaint.

29. On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    Was otherwise dangerous and defective.

30. As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

FILED DATE: 4/25/2022 3:45 PM   2022L003788

31. As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, MARGARET TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT VIII
(Margaret Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count VIII of this Complaint.

29. At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30. Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

15

FILED DATE: 4/25/2022 3:45 PM    2022L003788

a.  Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.  Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.  was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, MARGARET TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT IX
(Margaret Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

FILED DATE: 4/25/2022 3:45 PM    2022L003788

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count IX of this Complaint.

29.    On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.    Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.    Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.    The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.    As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.    Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

FILED DATE: 4/25/2022 3:45 PM   2022L003788

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT X**

(Margaret Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count X of this Complaint.

29.    On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    Was otherwise dangerous and defective.

30.    As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.    As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, MARGARET TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XI**
(Margaret Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XI of this Complaint.

29.    At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.    Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

FILED DATE: 4/25/2022 3:45 PM    2022L003788

19

FILED DATE: 4/25/2022 3:45 PM    2022L003788

a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, MARGARET TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XII
(Margaret Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XII of this Complaint.

29.     On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.     Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable

FILED DATE: 4/25/2022 3:45 PM    2022L003788

21

FILED DATE: 4/25/2022 3:45 PM    2022L003788

amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XIII**

(Jonathan Traub, Jr.- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XIII of this Complaint.

29.    On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    Was otherwise dangerous and defective.

30.     As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Jonathan Traub, Jr., a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XIV**
(Jonathan Traub, Jr.- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.     Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XIV of this Complaint.

FILED DATE: 4/25/2022 3:45 PM   2022L003788

FILED DATE: 4/25/2022 3:45 PM    2022L003788

29.    At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.    Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, Jonathan Traub, Jr., a minor was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XV
(Jonathan Traub, Jr.- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XV of this Complaint.

29. On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30. Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

FILED DATE: 4/25/2022 3:45 PM  2022L003788

FILED DATE: 4/25/2022 3:45 PM    2022L003788

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

35.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

FILED DATE: 4/25/2022 3:45 PM    2022L003788

## COUNT XVI

(Jonathan Traub, Jr.- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XVI of this Complaint.

29.    On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

   a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

   b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

   c.    Was otherwise dangerous and defective.

30.    As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.    As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Jonathan Traub, Jr., a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

27

32.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XVII
(Jonathan Traub, Jr.- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XVII of this Complaint.

29.    At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.    Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

FILED DATE: 4/25/2022 3:45 PM   2022L003788

FILED DATE: 4/25/2022 3:45 PM    2022L003788

into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.     Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.     was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.     As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.     As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, Jonathan Traub, Jr., a minor was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XVIII
(Jonathan Traub, Jr.- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

FILED DATE: 4/25/2022 3:45 PM  2022L003788

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XVIII of this Complaint.

29.   On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.   Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.   Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.   The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.   As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.   Notice of this claim was given to the Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

FILED DATE: 4/25/2022 3:45 PM    2022L003788

35.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XIX
(Connor Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XIX of this Complaint.

29.    On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

      a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and

31

FILED DATE: 4/25/2022 3:45 PM  2022L003788

create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b. Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c. Was otherwise dangerous and defective.

30. As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31. As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Connor Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32. JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub, incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XX
(Connor Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in

FILED DATE: 4/25/2022 3:45 PM    2022L003788

complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XX of this Complaint.

29.    At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.    Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

      a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

      b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

      c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, Connor Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

FILED DATE: 4/25/2022 3:45 PM    2021L003788

33.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XXI
(Connor Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXI of this Complaint.

29.     On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.     Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of

34

FILED DATE: 4/25/2022 3:45 PM    2021L003788

merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.    Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.    The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.    As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.    Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

35.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

35

FILED DATE: 4/25/2022 3:45 PM    2022L003788

## COUNT XXII
(Connor Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXII of this Complaint.

29.    On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

      a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

      b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

      c.    Was otherwise dangerous and defective.

30.    As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.    As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Connor Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

36

FILED DATE: 4/25/2022 3:45 PM 2022L003788

32.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XXIII**

(Connor Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXIII of this Complaint.

29.    At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.    Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

37

b. Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c. was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31. As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32. As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, Connor Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33. JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXIV
(Connor Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXIV of this Complaint.

FILED DATE: 4/25/2022 3:45 PM 2021.003788

FILED DATE: 4/25/2022 3:45 PM   2022L003788

29. On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30. Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31. Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32. The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33. As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34. Notice of this claim was given to the Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

35. JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

FILED DATE: 4/25/2022 3:45 PM    2022L003788

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXV
(Katherine Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXV of this Complaint.

29. On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a. Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b. Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c. Was otherwise dangerous and defective.

40

FILED DATE: 4/25/2022 3:45 PM    2022L003788

30.    As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.    As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Katherine Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub, incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XXVI
(Katherine Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXVI of this Complaint.

FILED DATE: 4/25/2022 3:45 PM    2022L003788

29.     At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

    a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.     As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.     As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, Katherine Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

42

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXVII
(Katherine Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXVII of this Complaint.

29. On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30. Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

FILED DATE: 4/25/2022 3:45 PM 2022L003788

43

FILED DATE: 4/25/2022 3:45 PM    2022L003788

31.    Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.    The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.    As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.    Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

35.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

FILED DATE: 4/25/2022 3:45 PM   2022L003788

## COUNT XXVIII
(Katherine Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXVIII of this Complaint.

29.     On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

a.   Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.   Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.   Was otherwise dangerous and defective.

30.     As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Katherine Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

45

FILED DATE: 4/25/2022 3:45 PM 2022L003788

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XXIX**

(Katherine Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXIX of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a.      Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

46

FILED DATE: 4/25/2022 3:45 PM    2022L003788

        into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.     Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.     was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, Katherine Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XXX
(Katherine Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

FILED DATE: 4/25/2022 3:45 PM 2022L003788

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXX of this Complaint.

29.    On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.    Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.    Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.    The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.    As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.    Notice of this claim was given to the Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

FILED DATE: 4/25/2022 3:45 PM   2022L003788

35.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXXI
(Madeline Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXI of this Complaint.

29.     On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

  a.     Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and

49

FILED DATE: 4/25/2022 3:45 PM   2022L003788

create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.     Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.     Was otherwise dangerous and defective.

30.     As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Madeline Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub, incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXXII
(Madeline Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and

FILED DATE: 4/25/2022 3:45 PM 2022L003788

in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXII of this Complaint.

29.   At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.   Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

    a.   Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.   Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.   was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.   As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.   As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, Madeline Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

FILED DATE: 4/25/2022 3:45 PM    2022L003788

33.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXXIII
(Madeline Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXIII of this Complaint.

29.    On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.    Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of

52

merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

35.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

FILED DATE: 4/25/2022 3:45 PM   2022L003788

FILED DATE: 4/25/2022 3:45 PM    2022L003788

## COUNT XXXIV
(Madeline Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXIV of this Complaint.

29. On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

   a.  Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

   b.  Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

   c.  Was otherwise dangerous and defective.

30. As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31. As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Madeline Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

54

FILED DATE: 4/25/2022 3:45 PM    2022L003788

32.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXXV
(Madeline Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXV of this Complaint.

29.    At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.    Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

       a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, Madeline Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XXXVI
Madeline Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

56

FILED DATE: 4/25/2022 3:45 PM 2021L003788

FILED DATE: 4/25/2022 3:45 PM    2022L003788

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXVI of this Complaint.

29.    On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.    Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.    Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.    The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.    As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.    Notice of this claim was given to the Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

35.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

Respectfully submitted,

LAW OFFICES OF MATHYS & SCHNEID
Attorneys for the Plaintiffs

By: _____
        Mark T. Schneid

Mark T. Schneid
Daniel R. Chaidez
LAW OFFICES OF MATHYS & SCHNEID
1730 Park Street, Suite 209
Naperville, Illinois 60563
(630) 428-4040
Atty. No.: 36760
mts@mathyslaw.com

58

FILED DATE: 4/25/2022 3:45 PM    2022L003788



**CT Corporation**
**Service of Process Notification**
05/25/2022
CT Log Number 541639060

## Service of Process Transmittal Summary

**TO:**    Brandy Ramsey
THOR INDUSTRIES, INC.
601 E Beardsley Ave
Elkhart, IN 46514-3305

**RE:**    **Process Served in Illinois**

**FOR:**    JAYCO INC.  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JONATHAN S. TRAUB, Individually, MARGARET TRAUB, JONTHAN S. TRAUB, as Father and Next Friend of Jonathan T. Traub, Jr., a minor, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, and JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor vs. JAYCO, INC. |
| **CASE #:** | 2022L003788 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/25/2022 at 01:26 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Brandy Ramsey  bramsey@thorindustries.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 208 South LaSalle Street |
| | Suite 814 |
| | Chicago, IL 60604 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Wed, May 25, 2022
**Server Name:**              Sheriff Drop

| Entity Served | JAYCO INC OF INDIANA |
|---|---|
| Case Number | 2022L003788 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |



FILED
5/12/2022 11:35 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L003788
Calendar, F
17872277

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JONATHAN S. TRAUB, Individually, MARGARET TRAUB,
JONATHAN S. TRAUB, as Father & Next Friend of Jonathan
T. Traub, Jr., a minor, JONATHAN S. TRAUB, as Father &
Next Friend of Connor Traub, a minor, JONATHAN S. TRAUB,
as Fatther & Next Friend of Katherine Traub, a minor, &
JONATHAN S. TRAUB, as Father and Next Friend of

Madeline Traub, a minor,                         Plaintiff(s)

                         v.                                    Case No.        22 L 003788

JAYCO, INC., JAYCO INC., OF INDIANA, ENTEGRA
COACH, INC., and GENERAL R.V. CENTER, INC.

                                                  Defendant(s)

Jayco, Inc. of Indiana, by and through its' Agent for Service of
Process, CT Corporation System, 208 S. LaSalle St., Ste. 814,
Chicago, IL 60604

                         Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail  ◉ Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline
for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp. After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

‖0 3 6 4 1 8 3 1‖

**DIE DATE**
**05/25/2022**

DOC.TYPE:    LAW
CASE NUMBER:   2022L003788
DEFENDANT
JAYCO INC OF INDIANA
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

SERVICE INF
R/A CT CORI

ATTACHED

Summons - Alias Summons                                          (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⊙ Atty. No.: 36760

○ Pro Se 99500

Name: Mathys & Schneid

Atty. for (if applicable):

Plaintiff

Address: 1730 Park St., Ste. 209

City: Naperville

State: IL    Zip: 60563

Telephone: 630-428-4040

Primary Email: dan@mathyslaw.com

Witness date _____

**5/12/2022 11:35 AM IRIS Y. MARTINEZ**

Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

earing Date: No hearing scheduled
ocation: <<CourtRoomNumber>>
udge: Calendar, F

FILED
5/12/2022 11:35 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L003788
Calendar, F
17872277

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JONATHAN S. TRAUB, Individually, MARGARET TRAUB,
JONATHAN S. TRAUB, as Father & Next Friend of Jonathan
T. Traub, Jr., a minor, JONATHAN S. TRAUB, as Father &
Next Friend of Connor Traub, a minor, JONATHAN S. TRAUB,
as Fatther & Next Friend of Katherine Traub, a minor, &
JONATHAN S. TRAUB, as Father and Next Friend of

Madeline Traub, a minor,                          Plaintiff(s)

v.                                    Case No.    22 L 003788

JAYCO, INC., JAYCO INC., OF INDIANA, ENTEGRA
COACH, INC., and GENERAL R.V. CENTER, INC.

                                    Defendant(s)
Jayco, Inc. of Indiana, by and through its' Agent for Service of
Process, CT Corporation System, 208 S. LaSalle St., Ste. 814,
Chicago, IL 60604

                    Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail  ● Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** Your appearance date is NOT a court date. It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

DOC. TYPE: LAW
CASE NUMBER: 2022L003788
DEFENDANT
JAYCO INC OF INDIANA
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

DIE DATE
05/25/2022

SERVICE INF
R/A CT CORI

ATTACHED

Summons - Alias Summons                                            (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

| | |
|---|---|
| ⊙ Atty. No.: 36760 | Witness date _____ |
| ○ Pro Se 99500 | |
| Name: Mathys & Schneid | **5/12/2022 11:35 AM IRIS Y. MARTINEZ** |
| Atty. for (if applicable): | Iris Y. Martinez, Clerk of Court |
| Plaintiff | ☐ Service by Certified Mail |
| Address: 1730 Park St., Ste. 209 | ☐ Date of Service: _____ |
| City: Naperville | (To be inserted by officer on copy left with employer or other person) |
| State: IL  Zip: 60563 | |
| Telephone: 630-428-4040 | |
| Primary Email: dan@mathyslaw.com | |

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Il Law Division initial Case Management Dates will be heard via Zoom. In-Person Jury
or more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
.emote Court date: 6/29/2022 9:30 AM

FILED
4/25/2022 3:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

Calendar, F
17635289

STATE OF ILLINOIS    )
                      ) SS
COUNTY OF COOK    )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

JONATHAN S. TRAUB, Individually,    )
MARGARET TRAUB,    )
JONTHAN S. TRAUB, as Father and Next Friend    )
of Jonathan T. Traub, Jr., a minor,    )
JONATHAN S. TRAUB, as Father and Next Friend    )
of Connor Traub, a minor,    )
JONATHAN S. TRAUB, as Father and Next Friend    )
of Katherine Traub, a minor,  and    )
JONATHAN S. TRAUB, as Father and Next Friend    )
of Madeline Traub, a minor,    )
    )
    Plaintiffs,    )
    )
v.    )    Case No. 2022L003788
    )
JAYCO, INC.,    )    PLAINTIFFS DEMAND
JAYCO, INC., OF INDIANA,    )    TRIAL BY JURY
ENTEGRA COACH, INC., and    )
GENERAL R.V. CENTER, INC.    )
    )
    Defendants.    )

### COMPLAINT AT LAW

NOW COME the Plaintiffs, JONATHAN S. TRAUB, Individually, MARGARET

TRAUB, Individually, JONTHAN S. TRAUB, as Father and Next Friend of Jonathan T. Traub,

Jr., a minor, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor,

JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, and

JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through

LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO,

INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and GENERAL R.V.

CENTER, INC., state as follows:

## THE PARTIES

1.      At all times relevant herein, Plaintiff, JONATHAN S. TRAUB, resided in the Village of Barrington Hills, County of Cook, State of Illinois.  JONATHAN S. TRAUB was, and is, married to MARGARET TRAUB.

2.      At all times relevant herein, Plaintiff, MARGARET TRAUB, resided in the Village of Barrington Hills, County of Cook, State of Illinois.  MARGARET TRAUB was, and is, married to JONATHAN S. TRAUB.

3.      Plaintiff, JONATHAN S. TRAUB, was and is the natural father and Next Friend of Jonathan T. Traub, Jr., Connor Traub, Katherine Traub, and Madeline Traub, each of whom is a minor.

4.      Plaintiff, JONATHAN T. TRAUB, JR., was a minor who was born on April 15, 2008, and is 13-years-old.

5.      Plaintiff, CONNOR TRAUB, was a minor who was born on July 10, 2013, and is 8-years-old.

6.      Plaintiff, KATHERINE TRAUB, was a minor who was born on October 20, 2009, and is 12-years-old.

7.      Plaintiff, MADELINE TRAUB, was a minor who was born on February 14, 2015, and is 7-years-old.

8.      Defendant, JAYCO, INC., was a foreign corporation with its principal place of business in Middlebury, Indiana, but it was authorized to do business and in fact doing business as a motorhome manufacturer throughout the State of Illinois including in Cook County, Illinois.

9.      Defendant, JAYCO, INC. OF INDIANA, was a foreign corporation with its principal place of business in Middlebury, Indiana, but it was authorized to do business and in

2

fact doing business as a motorhome manufacturer throughout the State of Illinois including in Cook County, Illinois.

10. Defendant, ENTEGRA COACH, INC., was a foreign corporation with its principal place of business in Middlebury, Indiana, but it was authorized to do business and in fact doing business as a motorhome manufacturer throughout the State of Illinois including in Cook County, Illinois.

11. In 2008, ENTEGRA COACH, INC., was purchase by JAYCO, INC. and/or JAYCO, INC. of INDIANA, and it became part of the JAYCO corporate family of motorhomes.

12. Defendant, GENERAL R.V. CENTER, INC., was a foreign corporation with its principal place of business in WIXOM, MI, but it was authorized to do business and in fact doing business as a motorhome seller throughout the State of Illinois including in Cook County, Illinois.

## FACTUAL ALLEGATIONS

13. On May 29, 2020, JONATHAN S. TRAUB purchased from Defendant, GENERAL RV CENTER, a New 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930.

14. The 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930, was manufactured by Defendant, JAYCO, INC.

15. In the alternative, the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930, was manufactured by Defendant, JAYCO, INC. of INDIANA.

16. In the alternative, the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930, was manufactured by Defendant, ENTEGRA COACH, INC.

3

17.    As designed and manufactured, the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 was supposed to contain an operable Carbon Monoxide detector.

18.    At the time the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of Defendants, JAYCO, INC., JAYCO, INC. of INDIANA, and/or ENTEGRA COACH, INC., the motorhome contained a Carbon Monoxide detector that was not working and was not detecting or alerting the presence of Carbon Monoxide within the interior of the motorhome.

19.    At the time the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of Defendant, GENERAL R.V. CENTER, INC., the motorhome contained a Carbon Monoxide detector that was not working and was not detecting or alerting the presence of Carbon Monoxide within the interior of the motorhome.

20.    At the time the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of Defendants, JAYCO, INC., JAYCO, INC. of INDIANA, and/or ENTEGRA COACH, INC., there was a hidden hole in floor of the middle bathroom that allowed Carbon Monoxide to enter directly into the interior of the motor home.

21.    At the time the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of Defendant, GENERAL R.V. CENTER, INC., there was a hidden hole in floor of the middle bathroom that allowed Carbon Monoxide to enter directly into the interior of the motor home.

22.    At all relevant times herein, the Plaintiffs had no knowledge, notice, or advanced warning that the Carbon Monoxide detector in the motorhome was not operable and was not detecting or alerting of the presence of Carbon Monoxide within the motorhome.

23. At all relevant times herein, the Plaintiffs had no knowledge, notice, or advanced warning that there was a hidden hole in floor of the middle bathroom that allowed Carbon Monoxide to enter directly into the interior of the motor home.

24. On July 22, 2020, the Plaintiffs were driving the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 on a family vacation across the United States and they were near Butte, Montana.

25. On July 22, 2020, the Plaintiffs stopped the motorhome at the top of a mountain near Butte, Montana, when each of the Plaintiffs began to experience sudden, acute onset of Carbon Monoxide poisoning symptoms. First responders were contacted and each of the Plaintiffs was taken to a local hospital where Carbon Monoxide poisoning was diagnosed and treated by the medical care providers.

26. At no time before or during the incident on July 22, 2020, did the Carbon Monoxide detectors alert of the presence of Carbon Monoxide within the motorhome.

27. On July 31, 2020, the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 was inspected by Glacier RV, LLC, in Kalispell, Montana, and an unsealed 8" x 6" hole in the floor of the middle bathroom was found. The hole was from when the plumbing was connected to the middle bathroom during the manufacturing process, but the hole was never sealed, and the hole in that location allowed Carbon Monoxide from underneath the vehicle to enter directly into the motorhome during ordinary use.

28. After the July 22, 2020, incident, the Carbon Monoxide detectors in the motorhome were found to be inoperable and they were not detecting or alerting the presence of Carbon Monoxide within the motorhome.

**COUNT I**
(Jonathan S. Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count I of this Complaint.

29.   On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

   a.   Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

   b.   Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

   c.   Was otherwise dangerous and defective.

30.   As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.   As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A

6

motorhome, the Plaintiff, JONATHAN S. TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT II
(Jonathan S. Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.  Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count II of this Complaint.

29.  At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.  Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

> a.  Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

7

into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b. Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c. was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31. As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32. As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, JONATHAN S. TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT III
(Jonathan S. Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count III of this Complaint.

29.     On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.     Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA,

ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT IV**
(Jonathan S. Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count IV of this Complaint.

29.    On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

a. Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b. Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c. Was otherwise dangerous and defective.

30.    As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, JONATHAN S. TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT V
(Jonathan S. Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count V of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a.      Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

11

                                into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

      b.      Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

      c.      was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, JONATHAN S. TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT VI
(Jonathan S. Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count VI of this Complaint.

12

29. On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30. Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31. Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32. The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33. As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34. Notice of this claim was given to Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and

reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT VII
(Margaret Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count VII of this Complaint.

29.    On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.    Was otherwise dangerous and defective.

30.    As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

14

31. As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, MARGARET TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT VIII
(Margaret Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count VIII of this Complaint.

29. At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30. Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

15

a.  Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.  Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.  was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.  As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.  As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, MARGARET TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT IX
(Margaret Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count IX of this Complaint.

29. On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30. Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31. Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32. The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33. As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34. Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT X**

(Margaret Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count X of this Complaint.

29.    On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    Was otherwise dangerous and defective.

30.     As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, MARGARET TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XI
(Margaret Traub- Negligence v. General R.V. Center, Inc.)

.  NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XI of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

19

     a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

     b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

     c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, MARGARET TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XII
(Margaret Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XII of this Complaint.

29.     On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.     Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable

amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XIII**
(Jonathan Traub, Jr.- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XIII of this Complaint.

29.     On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    Was otherwise dangerous and defective.

22

30.     As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Jonathan Traub, Jr., a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XIV
(Jonathan Traub, Jr.- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XIV of this Complaint.

29.     At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

   a.   Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

   b.   Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

   c.   was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.     As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.     As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, Jonathan Traub, Jr., a minor was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XV**
(Jonathan Traub, Jr.- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XV of this Complaint.

29.   On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.   Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.    Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.    The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.    As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.    Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

35.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XVI
(Jonathan Traub, Jr.- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XVI of this Complaint.

29.   On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.   Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.   Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.   Was otherwise dangerous and defective.

30.   As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.   As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Jonathan Traub, Jr., a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

27

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XVII
(Jonathan Traub, Jr.- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XVII of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

       a.      Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, Jonathan Traub, Jr., a minor was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XVIII
(Jonathan Traub, Jr.- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XVIII of this Complaint.

29. On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30. Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31. Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32. The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33. As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34. Notice of this claim was given to the Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

35.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XIX
(Connor Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XIX of this Complaint.

29.    On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and

create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b. Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c. Was otherwise dangerous and defective.

30. As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31. As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Connor Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32. JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub, incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XX
(Connor Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in

32

complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XX of this Complaint.

29.    At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.    Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

    a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, Connor Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XXI
(Connor Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXI of this Complaint.

29.     On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.     Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of

34

merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

35.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

<u>COUNT XXII</u>
(Connor Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXII of this Complaint.

29.    On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    Was otherwise dangerous and defective.

30.    As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.    As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Connor Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XXIII
(Connor Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXIII of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a.      Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

37

b. Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c. was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31. As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32. As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, Connor Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33. JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXIV
(Connor Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXIV of this Complaint.

29. On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30. Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31. Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32. The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33. As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34. Notice of this claim was given to the Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

35. JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXV
(Katherine Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXV of this Complaint.

29.   On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

a.   Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.   Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.   Was otherwise dangerous and defective.

40

30. As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31. As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Katherine Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32. JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub, incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XXVI
(Katherine Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXVI of this Complaint.

41

29.     At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

    a.     Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.     Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.     was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.     As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.     As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, Katherine Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXVII
(Katherine Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXVII of this Complaint.

29.    On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.    Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

35.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXVIII
(Katherine Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXVIII of this Complaint.

29.   On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.   Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.   Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.   Was otherwise dangerous and defective.

30.   As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.   As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Katherine Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

45

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XXIX**
(Katherine Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXIX of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

      a.     Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

46

     into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.     Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.     was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.     As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.     As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, Katherine Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXX
(Katherine Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

47

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXX of this Complaint.

29.    On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.    Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.    Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.    The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.    As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.    Notice of this claim was given to the Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

35.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXXI
(Madeline Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXI of this Complaint.

29.     On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

a.      Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and

create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.      Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.      Was otherwise dangerous and defective.

30.      As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.      As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Madeline Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32.      JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub, incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXXII
(Madeline Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and

in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXII of this Complaint.

29. At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30. Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

    a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31. As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32. As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, Madeline Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33. JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XXXIII**
(Madeline Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXIII of this Complaint.

29. On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30. Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of

merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31. Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32. The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33. As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34. Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

35. JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXXIV
(Madeline Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXIV of this Complaint.

29.     On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

   a.   Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

   b.   Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

   c.   Was otherwise dangerous and defective.

30.     As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Madeline Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XXXV**
(Madeline Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXV of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

      a.     Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.  Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.  was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.  As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.  As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, Madeline Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.  JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXXVI
Madeline Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXVI of this Complaint.

29.   On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.   Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.   Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.   The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.   As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.   Notice of this claim was given to the Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

35.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

Respectfully submitted,

LAW OFFICES OF MATHYS & SCHNEID
Attorneys for the Plaintiffs

By: _____
        Mark T. Schneid

Mark T. Schneid
Daniel R. Chaidez
LAW OFFICES OF MATHYS & SCHNEID
1730 Park Street, Suite 209
Naperville, Illinois 60563
(630) 428-4040
Atty. No.: 36760
mts@mathyslaw.com

58

ll Law Division initial Case Management Dates will be heard via ZOOM.
or more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
emote Court date: 6/29/2022 9:30 AM

FILED
4/25/2022 3:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

Calendar, F
17635289

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JONATHAN S. TRAUB, Individually, <br> MARGARET TRAUB, <br> JONTHAN S. TRAUB, as Father and Next Friend <br> of Jonathan T. Traub, Jr., a minor, <br> JONATHAN S. TRAUB, as Father and Next Friend <br> of Connor Traub, a minor, <br> JONATHAN S. TRAUB, as Father and Next Friend <br> of Katherine Traub, a minor, and <br> JONATHAN S. TRAUB, as Father and Next Friend <br> of Madeline Traub, a minor, <br><br>     Plaintiffs, <br><br> v. <br><br> JAYCO, INC., <br> JAYCO, INC., OF INDIANA, <br> ENTEGRA COACH, INC., and <br> GENERAL R.V. CENTER, INC. <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Case No. 2022L003788 |

**AFFIDAVIT OF DAMAGES**
**SUPREME COURT RULE 222**

The undersigned being first duly sworn upon oath, deposes and states that he is the attorney for the Plaintiff to the above entitled cause of action and is seeking money damages for this cause of action in the amount listed below:

_____ does not exceed $50,000.00

\_\_**X**\_\_ does exceed $50,000.00

Mark T. Schneid, as Attorney for Plaintiff

Subscribed to and Sworn
Before me on April 25, 2022

Notary Public

LAW OFFICES OF ATTYS & SULLIVAN
1730 Park Street, Suite 209
Naperville, Illinois 60563
(630) 428-4040
Atty. No.: 36760

CARRIE KING
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires Feb 21, 2025



**CT Corporation**
**Service of Process Notification**
05/25/2022
CT Log Number 541639065

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Brandy Ramsey<br>THOR INDUSTRIES, INC.<br>601 E Beardsley Ave<br>Elkhart, IN 46514-3305 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | JAYCO INC.  (Domestic State: IN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JONATHAN S. TRAUB, Individually, MARGARET TRAUB, JONTHAN S. TRAUB, as Father and Next Friend of Jonathan T. Traub, Jr., a minor, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, and JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor // To: JAYCO INC. |
| **CASE #:** | 2022L003788 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/25/2022 at 01:26 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | CT will retain the current log<br><br>Image SOP<br><br>Email Notification,  Brandy Ramsey  bramsey@thorindustries.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                      Wed, May 25, 2022
**Server Name:**                               Sheriff Drop

| Entity Served | JAYCO INC |
|---|---|
| Case Number | 2022L003788 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |





LAW OFFICES OF

# MATHYS & SCHNEID

1730 Park Street, Suite 209
Naperville, Illinois 60563
www.mathyslaw.com

Telephone: (630) 428-4040
Facsimile: (630) 428-0044

May 12, 2022

Cook County Sheriff
Civil Process Division
50 W. Washington, Room 701
Chicago, Illinois 60602

**Re:** **Traub et al. v. Jayco, Inc. et al.**
**22 L 3788**

Dear Sir/Madam:

Enclosed please find a Summons and Complaint at Law which needs to be served on the Defendant, Jayco, Inc., by and through their Agent for Service of Process, CT Corporation System, located at 208 S. LaSalle St., Ste. 814, Chicago, IL 60604. Enclosed please find check number 16265, in the amount of $60.00, to cover the cost of serving said Defendant.

After service, **please fill in Proof of Sheriff's Service and return in the enclosed, self-addressed, stamped envelope.**

If you have any questions, please do not hesitate to call. Thank you in advance for your anticipated cooperation and courtesy.

Very truly yours,

LAW OFFICES OF MATHYS & SCHNEID

*Mark T. Schneid*

MTS/ck
enclosures

```
          COOK COUNTY SHERIFF'S OFFICE
          CIVIL DIVISION - DALEY CENTER
            50 W. Washington, Room 701
                Chicago, IL 60602
                 (312) 603-3365

     DATE: 5/18/2022      TIME: 9:27 AM
 BATCH #: 83312        TRANS #: 2
 CASHIER: klittle
 ========================================
 CASE TYPE:  LAW
 SHERIFF #:  03641740
    CASE #:  2022L003788
 Check on Service after:  5/27/2022
 General Service Fee              $50.00
 General Mileage Fee              $10.00
         PAYMENT TOTAL:           $60.00

 ========================================
 TRANSACTION TOTAL:               $60.00

 TENDERED:  Check                 $60.00


 ========================================
 Checks presented:
```



```
     NOW!!! Check ON-LINE for the status
       of your Service of Process at
        https://civilprocess.ccsheriff.org

     When checking on service, have your
    Sheriff's Number or Case Number Available
```

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JONATHAN S. TRAUB, Individually, MARGARET TRAUB,
JONATHAN S. TRAUB, as Father & Next Friend of Jonathan
T. Traub, Jr., a minor, JONATHAN S. TRAUB, as Father &
Next Friend of Connor Traub, a minor, JONATHAN S. TRAUB,
as Fatther & Next Friend of Katherine Traub, a minor, &
JONATHAN S. TRAUB, as Father and Next Friend of

Madeline Traub, a minor,                     Plaintiff(s)

v.                                           Case No.      22 L 003788

JAYCO, INC., JAYCO INC., OF INDIANA, ENTEGRA
COACH, INC., and GENERAL R.V. CENTER, INC.

                                      Defendant(s)

Jayco, Inc., by and through its' Agent for Service of
Process, CT Corporation System, 208 S. LaSalle St., Ste. 814,
Chicago, IL 60604

                    Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ◉ Sheriff Service   ○ Alias

## SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** Your appearance date is NOT a court date. It is the deadline
for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp. After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

FILED
4/29/2022 9:59 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L003788
Calendar, F
17701416

DIE DATE
05/27/2022

DOC.TYPE:   LAW
CASE NUMBER:   2022L003788
DEFENDANT
JAYCO INC
208 S LASALLE ST
CHICAGO, IL 60604
814

SERVICE INF

ATTACHED

Summons - Alias Summons                                    (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: 44760                    Witness date _____
○ Pro Se 99500

Name: Mathis B. Schneid                _____

Atty. for (if applicable):                    Iris Y. Martinez, Clerk of Court
Plaintiff                              ☐ Service by Certified Mail: _____

Address: 1730 Park St., Ste. 209       ☐ Date of Service: _____
                                          (To be inserted by officer on copy left with employer or other person)
City: Naperville

State: IL   Zip: 60563

Telephone: 630-428-4040

Primary Email: dan@mathyslaw.com

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JONATHAN S. TRAUB, Individually, MARGARET TRAUB,
JONATHAN S. TRAUB, as Father & Next Friend of Jonathan
T. Traub, Jr., a minor, JONATHAN S. TRAUB, as Father &
Next Friend of Connor Traub, a minor, JONATHAN S. TRAUB,
as Fatther & Next Friend of Katherine Traub, a minor, &
JONATHAN S. TRAUB, as Father and Next Friend of

Madeline Traub, a minor,                          Plaintiff(s)

v.

JAYCO, INC., JAYCO INC., OF INDIANA, ENTEGRA
COACH, INC., and GENERAL R.V. CENTER, INC.

                                             Defendant(s)

Jayco, Inc., by and through its' Agent for Service of
Process, CT Corporation System, 208 S. LaSalle St., Ste. 814,
Chicago, IL 60604

Address of Defendant(s)

Case No.    22 L 003788

Please serve as follows (check one):    ○ Certified Mail    ● Sheriff Service    ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** Your appearance date is NOT a court date. It is the deadline
for filing your appearance/answer. To file your appearance/answer YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer. You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp. After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED
4/29/2022 9:59 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L003788
Calendar, F
17701416



DOC.TYPE: LAW
CASE NUMBER: 2022L003788
DEFENDANT
JAYCO INC
208 S LASALLE ST
CHICAGO, IL 60604
814

DIE DATE
05/27/2022

SERVICE INF

ATTACHED

Summons - Alias Summons                                              (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: _____         Witness date _____
◯ Pro Se 99500 _____

Name: Mathys Schneid _____         _____

Atty. for (if applicable):                              Iris Y. Martinez, Clerk of Court

Plaintiff _____

Address: 1730 Park St., Ste. 209 _____    ☐ Service by Certified Mail: _____

City: Naperville _____                    ☐ Date of Service: _____
                                                    (To be inserted by officer on copy left with employer or other person)

State: IL    Zip: 60563 _____

Telephone: 630-428-4040 _____

Primary Email: dan@mathyslaw.com _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

Il Law Division initial Case Management Dates will be heard via Zoom. erson Jury
or more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
.emote Court date: 6/29/2022 9:30 AM

FILED
4/25/2022 3:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

Calendar, F
17635289

STATE OF ILLINOIS    )
                   ) SS
COUNTY OF COOK    )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JONATHAN S. TRAUB, Individually,<br>MARGARET TRAUB,<br>JONTHAN S. TRAUB, as Father and Next Friend<br>of Jonathan T. Traub, Jr., a minor,<br>JONATHAN S. TRAUB, as Father and Next Friend<br>of Connor Traub, a minor,<br>JONATHAN S. TRAUB, as Father and Next Friend<br>of Katherine Traub, a minor,  and<br>JONATHAN S. TRAUB, as Father and Next Friend<br>of Madeline Traub, a minor,<br><br>      Plaintiffs,<br><br>v.<br><br>JAYCO, INC.,<br>JAYCO, INC., OF INDIANA,<br>ENTEGRA COACH, INC., and<br>GENERAL R.V. CENTER, INC.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2022L003788<br>)<br>)<br>)  PLAINTIFFS DEMAND<br>)  TRIAL BY JURY<br>)<br>)<br>)<br>) |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, JONATHAN S. TRAUB, Individually, MARGARET TRAUB, Individually, JONTHAN S. TRAUB, as Father and Next Friend of Jonathan T. Traub, Jr., a minor, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, and JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and GENERAL R.V. CENTER, INC., state as follows:

**THE PARTIES**

1.      At all times relevant herein, Plaintiff, JONATHAN S. TRAUB, resided in the Village of Barrington Hills, County of Cook, State of Illinois. JONATHAN S. TRAUB was, and is, married to MARGARET TRAUB.

2.      At all times relevant herein, Plaintiff, MARGARET TRAUB, resided in the Village of Barrington Hills, County of Cook, State of Illinois. MARGARET TRAUB was, and is, married to JONATHAN S. TRAUB.

3.      Plaintiff, JONATHAN S. TRAUB, was and is the natural father and Next Friend of Jonathan T. Traub, Jr., Connor Traub, Katherine Traub, and Madeline Traub, each of whom is a minor.

4.      Plaintiff, JONATHAN T. TRAUB, JR., was a minor who was born on April 15, 2008, and is 13-years-old.

5.      Plaintiff, CONNOR TRAUB, was a minor who was born on July 10, 2013, and is 8-years-old.

6.      Plaintiff, KATHERINE TRAUB, was a minor who was born on October 20, 2009, and is 12-years-old.

7.      Plaintiff, MADELINE TRAUB, was a minor who was born on February 14, 2015, and is 7-years-old.

8.      Defendant, JAYCO, INC., was a foreign corporation with its principal place of business in Middlebury, Indiana, but it was authorized to do business and in fact doing business as a motorhome manufacturer throughout the State of Illinois including in Cook County, Illinois.

9.      Defendant, JAYCO, INC. OF INDIANA, was a foreign corporation with its principal place of business in Middlebury, Indiana, but it was authorized to do business and in

2

fact doing business as a motorhome manufacturer throughout the State of Illinois including in Cook County, Illinois.

10. Defendant, ENTEGRA COACH, INC., was a foreign corporation with its principal place of business in Middlebury, Indiana, but it was authorized to do business and in fact doing business as a motorhome manufacturer throughout the State of Illinois including in Cook County, Illinois.

11. In 2008, ENTEGRA COACH, INC., was purchase by JAYCO, INC. and/or JAYCO, INC. of INDIANA, and it became part of the JAYCO corporate family of motorhomes.

12. Defendant, GENERAL R.V. CENTER, INC., was a foreign corporation with its principal place of business in WIXOM, MI, but it was authorized to do business and in fact doing business as a motorhome seller throughout the State of Illinois including in Cook County, Illinois.

## FACTUAL ALLEGATIONS

13. On May 29, 2020, JONATHAN S. TRAUB purchased from Defendant, GENERAL RV CENTER, a New 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930.

14. The 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930, was manufactured by Defendant, JAYCO, INC.

15. In the alternative, the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930, was manufactured by Defendant, JAYCO, INC. of INDIANA.

16. In the alternative, the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930, was manufactured by Defendant, ENTEGRA COACH, INC.

3

17.     As designed and manufactured, the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 was supposed to contain an operable Carbon Monoxide detector.

18.     At the time the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of Defendants, JAYCO, INC., JAYCO, INC. of INDIANA, and/or ENTEGRA COACH, INC., the motorhome contained a Carbon Monoxide detector that was not working and was not detecting or alerting the presence of Carbon Monoxide within the interior of the motorhome.

19.     At the time the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of Defendant, GENERAL R.V. CENTER, INC., the motorhome contained a Carbon Monoxide detector that was not working and was not detecting or alerting the presence of Carbon Monoxide within the interior of the motorhome.

20.     At the time the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of Defendants, JAYCO, INC., JAYCO, INC. of INDIANA, and/or ENTEGRA COACH, INC., there was a hidden hole in floor of the middle bathroom that allowed Carbon Monoxide to enter directly into the interior of the motor home.

21.     At the time the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of Defendant, GENERAL R.V. CENTER, INC., there was a hidden hole in floor of the middle bathroom that allowed Carbon Monoxide to enter directly into the interior of the motor home.

22.     At all relevant times herein, the Plaintiffs had no knowledge, notice, or advanced warning that the Carbon Monoxide detector in the motorhome was not operable and was not detecting or alerting of the presence of Carbon Monoxide within the motorhome.

23.     At all relevant times herein, the Plaintiffs had no knowledge, notice, or advanced warning that there was a hidden hole in floor of the middle bathroom that allowed Carbon Monoxide to enter directly into the interior of the motor home.

24.     On July 22, 2020, the Plaintiffs were driving the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 on a family vacation across the United States and they were near Butte, Montana.

25.     On July 22, 2020, the Plaintiffs stopped the motorhome at the top of a mountain near Butte, Montana, when each of the Plaintiffs began to experience sudden, acute onset of Carbon Monoxide poisoning symptoms.   First responders were contacted and each of the Plaintiffs was taken to a local hospital where Carbon Monoxide poisoning was diagnosed and treated by the medical care providers.

26.     At no time before or during the incident on July 22, 2020, did the Carbon Monoxide detectors alert of the presence of Carbon Monoxide within the motorhome.

27.     On July 31, 2020, the 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 was inspected by Glacier RV, LLC, in Kalispell, Montana, and an unsealed 8" x 6" hole in the floor of the middle bathroom was found.  The hole was from when the plumbing was connected to the middle bathroom during the manufacturing process, but the hole was never sealed, and the hole in that location allowed Carbon Monoxide from underneath the vehicle to enter directly into the motorhome during ordinary use.

28.     After the July 22, 2020, incident, the Carbon Monoxide detectors in the motorhome were found to be inoperable and they were not detecting or alerting the presence of Carbon Monoxide within the motorhome.

**COUNT I**
(Jonathan S. Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra
Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.  Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count I of this Complaint.

29.  On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    Was otherwise dangerous and defective.

30.  As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.  As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A

motorhome, the Plaintiff, JONATHAN S. TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT II
(Jonathan S. Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count II of this Complaint.

29. At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30. Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

        a.      Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b. Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c. was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31. As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32. As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, JONATHAN S. TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT III
(Jonathan S. Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count III of this Complaint.

29.    On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.    Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.    Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.    The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.    As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.    Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA,

ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT IV
(Jonathan S. Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count IV of this Complaint.

29.     On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

   a.   Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

   b.   Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

   c.   Was otherwise dangerous and defective.

30.     As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

10

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, JONATHAN S. TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT V**

(Jonathan S. Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count V of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a.      Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

11

into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, JONATHAN S. TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT VI
(Jonathan S. Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count VI of this Complaint.

29.     On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.     Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and

reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT VII
(Margaret Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count VII of this Complaint.

29.     On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    Was otherwise dangerous and defective.

30.     As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

14

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, MARGARET TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT VIII
(Margaret Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count VIII of this Complaint.

29.     At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a. Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b. Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c. was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31. As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32. As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, MARGARET TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT IX
(Margaret Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

16

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count IX of this Complaint.

29.   On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.   Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.   Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.   The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.   As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.   Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT X**

(Margaret Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count X of this Complaint.

29.     On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    Was otherwise dangerous and defective.

30.     As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, MARGARET TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XI
(Margaret Traub- Negligence v. General R.V. Center, Inc.)

. NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XI of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a. Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b. Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c. was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31. As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32. As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, MARGARET TRAUB was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XII
(Margaret Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, MARGARET TRAUB, Individually, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XII of this Complaint.

29.    On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.    Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.    Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.    The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.    As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.    Notice of this claim was given to Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

WHEREFORE, the Plaintiff, MARGARET TRAUB, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable

amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XIII**

(Jonathan Traub, Jr.- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XIII of this Complaint.

29.    On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

   a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

   b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

   c.    Was otherwise dangerous and defective.

30.    As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.    As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Jonathan Traub, Jr., a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XIV
(Jonathan Traub, Jr.- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XIV of this Complaint.

23

29.     At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a.      Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.      Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.      was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.     As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.     As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, Jonathan Traub, Jr., a minor was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XV
(Jonathan Traub, Jr.- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XV of this Complaint.

29. On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30. Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31. Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO,. INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32. The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33. As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34. Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

35. JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

<u>COUNT XVI</u>
(Jonathan Traub, Jr.- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XVI of this Complaint.

29. On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

   a. Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

   b. Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

   c. Was otherwise dangerous and defective.

30. As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31. As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Jonathan Traub, Jr., a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

27

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XVII
(Jonathan Traub, Jr.- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XVII of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a.     Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

28

into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.   Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.   was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.   As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.   As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, Jonathan Traub, Jr., a minor was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.   JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XVIII
(Jonathan Traub, Jr.- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XVIII of this Complaint.

29.    On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.    Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.    Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.    The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.    As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.    Notice of this claim was given to the Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

35.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Jonathan Traub, Jr. incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Jonathan Traub, Jr.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Jonathan Traub, Jr., a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XIX**
(Connor Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XIX of this Complaint.

29.     On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.      Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and

31

create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.     Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.     Was otherwise dangerous and defective.

30.     As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Connor Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub, incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XX
(Connor Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in

complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XX of this Complaint.

29.    At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.    Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

      a.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

      b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

      c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, Connor Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33. JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXI
(Connor Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXI of this Complaint.

29. On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30. Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of

34

merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.    Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.    The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.    As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.    Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

35.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXII
### (Connor Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXII of this Complaint.

29. On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a. Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b. Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c. Was otherwise dangerous and defective.

30. As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31. As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Connor Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

36

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXIII
(Connor Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXIII of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

      a.     Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.  Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.  was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.  As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.  As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, Connor Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.  JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXIV
(Connor Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.  Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXIV of this Complaint.

29.     On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.     Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to the Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

35.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Connor Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Connor Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Connor Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXV
(Katherine Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXV of this Complaint.

29. On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.    Was otherwise dangerous and defective.

30.     As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.     As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Katherine Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub, incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XXVI
(Katherine Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXVI of this Complaint.

41

29.     At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

    a.  Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

    b.  Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

    c.  was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.     As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.     As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, Katherine Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XXVII
(Katherine Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXVII of this Complaint.

29.   On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.   Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

35.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXVIII
(Katherine Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXVIII of this Complaint.

29.   On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

   a.   Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

   b.   Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

   c.   Was otherwise dangerous and defective.

30.   As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.   As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Katherine Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

45

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XXIX**
(Katherine Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXIX of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

a.      Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, Katherine Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXX
(Katherine Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXX of this Complaint.

29. On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30. Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31. Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32. The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33. As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34. Notice of this claim was given to the Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

48

35.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Katherine Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Katherine Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Katherine Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XXXI
(Madeline Traub- Strict Liability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXI of this Complaint.

29.    On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

> a.    Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and

49

create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.    Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.    Was otherwise dangerous and defective.

30.    As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31.    As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Madeline Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub, incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

**COUNT XXXII**

(Madeline Traub- Negligence v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and

in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXII of this Complaint.

29.   At all relevant times herein, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.   Notwithstanding said duty, the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

 a. Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

 b. Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

 c. was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.   As a proximate result of the Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.   As a further direct and proximate result of Defendants' above-stated breach of its duty to the Plaintiff, the Plaintiff, Madeline Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XXXIII
(Madeline Traub- Breach of Implied Warranty of Merchantability v. Jayco, Inc., Jayco, Inc. of Indiana, and Entegra Coach, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., states as follows:

1-28.    Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXIII of this Complaint.

29.    On or before July 22, 2020, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., were merchants engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30.    Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of

merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31.     Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32.     The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33.     As a result of the aforementioned breach of implied warranty of merchantability by Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34.     Notice of this claim was given to the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., by the filing of this cause of action.

35.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendants, JAYCO, INC., JAYCO, INC., OF INDIANA, ENTEGRA COACH, INC., and each of them, in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXXIV
(Madeline Traub- Strict Liability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXIV of this Complaint.

29. On July 22, 2020, and at the time the aforementioned 2020 Entegra Vision XL 36A motorhome, VIN 1F66F5DY2K0A17930 left the control of the Defendant, GENERAL R.V. CENTER, INC., the 2020 Entegra Vision XL 36A motorhome was in an unreasonably dangerous condition in one or more of the following respects:

 a. Contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

 b. Contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

 c. Was otherwise dangerous and defective.

30. As a proximate result of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

31. As a further direct and proximate result of one or more of the above-stated defective and unreasonably dangerous condition of the 2020 Entegra Vision XL 36A motorhome, the Plaintiff, Madeline Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

32.     JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

### COUNT XXXV
(Madeline Traub- Negligence v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28.   Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXV of this Complaint.

29.     At all relevant times herein, Defendant, GENERAL R.V. CENTER, INC., had the duty to use ordinary care to properly manufacture, design, test, market, distribute, and sell the 2020 Entegra Vision XL 36A motorhome so that it was reasonably safe for ordinary use.

30.     Notwithstanding said duty, the Defendant, GENERAL R.V. CENTER, INC., through their agents, employees or representatives, were then and there guilty of one or more of the following careless negligent acts and/or omissions:

      a.     Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a hidden but open 8"x6" hole on the floor near the middle bathroom behind the drive wheels that allowed Carbon Monoxide to enter from underneath the motorhome

into the interior of the motorhome and create an immediate danger of Carbon Monoxide poisoning to the occupants in the motorhome;

b.    Carelessly and negligently designed, manufactured, and sold the 2020 Entegra Vision XL 36A motorhome that contained a Carbon Monoxide detector that was defective, inoperable, and failed to detect and alert the presence of Carbon Monoxide in the interior of the motorhome;

c.    was otherwise careless and negligent in the design, manufacture, and sale of the 2020 Entegra Vision XL 36A motorhome.

31.    As a proximate result of the Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff was caused to sustain Carbon Monoxide poisoning on July 22, 2020.

32.    As a further direct and proximate result of Defendant's above-stated breach of its duty to the Plaintiff, the Plaintiff, Madeline Traub, a minor, was injured and sustained substantial damages of a personal, permanent and pecuniary nature.

33.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

## COUNT XXXVI
Madeline Traub- Breach of Implied Warranty of Merchantability v. General R.V. Center, Inc.)

NOW COMES the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, by and through LAW OFFICES OF MATHYS & SCHNEID, attorneys, and in complaining of the Defendant, GENERAL R.V. CENTER, INC., states as follows:

1-28. Plaintiff restates, realleges and incorporates by reference Paragraphs 1-28 above as Paragraphs 1-28 for Count XXXVI of this Complaint.

29. On or before July 22, 2020, Defendant, GENERAL R.V. CENTER, INC., was a merchant engaged in the business of designing, testing, manufacturing, distributing and selling motorhomes, including the 2020 Entegra Vision XL 36A motorhome referenced herein.

30. Prior to the time that the 2020 Entegra Vision XL 36A motorhome was used by Plaintiffs, Defendant, GENERAL R.V. CENTER, INC., impliedly warranted to Plaintiff that the 2020 Entegra Vision XL 36A motorhome was of merchantable quality and safe and fit for the use for which it was intended, pursuant to the provision of the Uniform Commercial Code 810 ILCS 5/2-314.

31. Plaintiff was and is unskilled in the research, design, manufacture and sale of the 2020 Entegra Vision XL 36A motorhome and reasonably relied on the skill, judgment and implied warranty of Defendant, GENERAL R.V. CENTER, INC., in using the 2020 Entegra Vision XL 36A motorhome.

32. The 2020 Entegra Vision XL 36A motorhome was not of merchantable quality in that it had dangerous propensities when put to its intended use, would cause severe injuries to the user, and was not efficacious in its intended use.

33. As a result of the aforementioned breach of implied warranty of merchantability by Defendant, GENERAL R.V. CENTER, INC., the Plaintiff was unknowingly exposed to Carbon Monoxide and suffered severe personal injuries.

34. Notice of this claim was given to the Defendant, GENERAL R.V. CENTER, INC., by the filing of this cause of action.

35.    JONATHAN S. TRAUB assigned his claim for any and all medical expenses for Madeline Traub incurred pursuant to 750 ILCS 65/15 (the Family Expense Act) to Madeline Traub.

WHEREFORE, the Plaintiff, JONATHAN S. TRAUB, as Father and Next Friend of Madeline Traub, a minor, respectfully requests that this Court enter judgment against the Defendant, GENERAL R.V. CENTER, INC., in a fair and reasonable amount in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus costs of suit, and any other relief that this Court deems just.

Respectfully submitted,

LAW OFFICES OF MATHYS & SCHNEID
Attorneys for the Plaintiffs

By: _____
        Mark T. Schneid

Mark T. Schneid
Daniel R. Chaidez
LAW OFFICES OF MATHYS & SCHNEID
1730 Park Street, Suite 209
Naperville, Illinois 60563
(630) 428-4040
Atty. No.: 36760
mts@mathyslaw.com

58

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK    )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JONATHAN S. TRAUB, Individually, ) <br> MARGARET TRAUB, ) <br> JONTHAN S. TRAUB, as Father and Next Friend ) <br> of Jonathan T. Traub, Jr., a minor, ) <br> JONATHAN S. TRAUB, as Father and Next Friend ) <br> of Connor Traub, a minor, ) <br> JONATHAN S. TRAUB, as Father and Next Friend ) <br> of Katherine Traub, a minor,  and ) <br> JONATHAN S. TRAUB, as Father and Next Friend ) <br> of Madeline Traub, a minor, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. )    Case No. <br> ) <br> JAYCO, INC., ) <br> JAYCO, INC., OF INDIANA, ) <br> ENTEGRA COACH, INC., and ) <br> GENERAL R.V. CENTER, INC. ) <br> ) <br>     Defendants. ) | |

### AFFIDAVIT OF DAMAGES
### SUPREME COURT RULE 222

The undersigned being first duly sworn upon oath, deposes and states that he is the attorney for the Plaintiff to the above entitled cause of action and is seeking money damages for this cause of action in the amount listed below:

_____ does not exceed $50,000.00

**\_\_X\_\_ does exceed $50,000.00**

Mark T. Schneid, as Attorney for Plaintiff

59

Subscribed to and Sworn
Before me on April 25, 2022

LAW OFFICE OF
1730 Park Street, Suite 209
Naperville, Illinois 60563
(630) 428-4040
Atty. No.: 36760

60

All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 6/29/2022 9:30 AM

FILED
4/25/2022 3:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

Calendar, F
17635289

FILED DATE: 4/25/2022 3:45 PM   2022L003788

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF COOK | ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JONATHAN S. TRAUB, Individually,        )
MARGARET TRAUB,                         )
JONTHAN S. TRAUB, as Father and Next Friend   )
of Jonathan T. Traub, Jr., a minor,     )
JONATHAN S. TRAUB, as Father and Next Friend  )
of Connor Traub, a minor,               )
JONATHAN S. TRAUB, as Father and Next Friend  )
of Katherine Traub, a minor,  and       )
JONATHAN S. TRAUB, as Father and Next Friend  )
of Madeline Traub, a minor,             )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )        Case No. 2022L003788
                                        )
JAYCO, INC.,                            )
JAYCO, INC., OF INDIANA,                )
ENTEGRA COACH, INC., and                )
GENERAL R.V. CENTER, INC.               )
                                        )
        Defendants.                     )

**AFFIDAVIT OF DAMAGES**
**SUPREME COURT RULE 222**

The undersigned being first duly sworn upon oath, deposes and states that he is the attorney for
the Plaintiff to the above entitled cause of action and is seeking money damages for this cause of
action in the amount listed below:

_____ does not exceed $50,000.00

___X___ does exceed $50,000.00

Mark T. Schneid, as Attorney for Plaintiff

59

FILED DATE: 4/25/2022 3:45 PM    2022L003788

Subscribed to and Sworn
Before me on April 25, 2022

Notary Public

OFFICIAL SEAL
CARRIE KING
Notary Public - State of Illinois
My Commission Expires Feb 21, 2025

LAW OFFICES OF KELLY S. CUNNINGHAM
1730 Park Street, Suite 209
Naperville, Illinois 60563
(630) 428-4040
Atty. No.: 36760

60